[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present tax appeal concerns the appropriateness of a assessment by the tax assessor of the Town of Stratford, who assessed property of the plaintiff known as 1100 Barnum Avenue as having a fair market value of $1,635,000 as of October 1, 1991. The subject property consists of a 2.09 acre parcel of land, improved with a 28,120 sq. ft. one story retail building utilized as a grocery store which is under a long term lease to First National Stores, Inc. (Finast). The lease itself was executed in 1965 and has renewal options extending to a CT Page 964 termination date in the year 2010.
The parties are in agreement that the rental payments called for under the lease, i.e. the contract rent, is below the market rent. The plaintiff has submitted testimony by its expert to establish that the fair market value of the property, based primarily upon contract rent, is in the amount $890,000. The defendant, on the other hand, has produced expert testimony to establish that the fair market value of the property, based primarily on market rent, is in the amount of $2,400,000.
Each party claims that the other parties's analysis fails to comply with the requirements of General Statutes § 12-63b
relating to the valuation of rental income real property and withFirst Bethel Associates v. Bethel, 231 Conn. 731 (1995) which requires a consideration of both contract rent and market rent in the determination of fair market value. Thus the Town asserts that the plaintiff's analysis should not be accepted because it is based solely upon contract rent. Likewise, the plaintiff claims that the Town's analysis should not be accepted because contract rent was either not considered at all, or at least not in any meaningful way.
The fair market value of property is defined "as the value that would be fixed in fair negotiations between a desirous buyer and willing seller, neither under any undo compulsion to make a deal. . . ." UniRoyal, Inc. v. Board of the Tax Review,174 Conn. 380, 390 (1978). The function of the court is to determine the "true actual value of the plaintiff's property."
There are a number of factors which lead the court to conclude that evaluation placed upon the property by the town results of over evaluation of the property to wit:
1. There is a below market contract rent for the property which is likely to exist, or potentially will exist, until the year 2010. The expert for the town did not consider the contract rent at all and while it is claimed that others may have considered contract rent, it was not considered in meaningful way with respect to fair market value.
2. The building on the subject property has 28,120 square feet. The current industry standard for supermarkets is 50,000 square feet. The court believes that a willing purchaser would consider the fact that the building on the subject property is CT Page 965 significantly below the current industry standard for supermarkets.
3. Finast owns, in its own name, a .31 acre parcel of land which abuts the subject property and which is utilized for parking for the subject property. There is no evidence of any written or oral agreement between the plaintiffs and Finast with regard to the .31 acre of property. The expert retained on behalf of the town evaluated the .31 parcel as though it were part of the subject property. Here again a willing buyer would be influenced by the fact that there is a parcel of land utilized in connection with the subject property over which the purchaser would have no control.
Accordingly, considering both market rent and contract rent and the other factors demonstrated by the evidence, the fair market value, the subject property on the tax date in question is $1,100,000.
RUSH, JUDGE